IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BEVERLY BLISS,                )
                              )
        Plaintiff,             )
                              )
    vs.                       )   Civil Action No. 08-980
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF SOCIAL SECURITY, )
                              )
        Defendant.             )

O R D E R

AND NOW, this  18th  day of February, 2009, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

The Administrative Law Judge ("ALJ") found that Plaintiff's degenerative joint disease, osteoarthritis of the knees, mild pulmonary artery hypertension, mild mitral and tricuspid insufficiency, and obesity constituted severe impairments. Tr. 18. Plaintiff challenges the ALJ's ultimate conclusion that she retains the residual functional capacity ("RFC") to perform the exertional demands of a range of light-level work with some limitations and that there are jobs that exist in significant numbers in the national economy that she can perform. Tr. 20-21, 25; see 20 C.F.R. § 416.967.

First, Plaintiff argues that the ALJ improperly determined that her sleep apnea and lower extremity neuropathy were not severe at step two of the five-step sequential evaluation process. See 20 C.F.R. § 416.920. The step two determination as to whether Plaintiff is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at step two, it is not generally necessary for the ALJ to have specifically found any additional alleged impairments to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at step two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's neuropathy and sleep apnea to be non-severe.

Second, Plaintiff argues that the ALJ failed to find that her impairments met the criteria established for a listed impairment at step three of the sequential evaluation process. The Court finds that the ALJ properly concluded that Plaintiff's impairments did not meet the criteria for any of the Listings found at 20 C.F.R. Part 404, Subpart P, Appendix 1. Plaintiff plainly did not meet her burden of showing that her impairments or combination of impairments met all of the criteria set forth in Listings 1.02A, 1.02C or 1.00Q. See Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) ("An impairment that manifests only some of those criteria, no matter how severely, does not qualify."). The ALJ thoroughly reviewed the medical record, which showed that Plaintiff had the ability to ambulate effectively. Tr. 18-24. In addition, the ALJ

(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

/s/ Gustave Diamond
United States District Judge
(For Judge Alan N. Bloch)

ecf:    Counsel of record

---

¹(...continued)
duly considered Plaintiff's obesity. Tr. 21-23.

Third, Plaintiff challenges the ALJ's conclusion that her subjective complaints about pain were "not entirely credible." Tr. 22-24; see 20 C.F.R. § 416.929 (factors for evaluating symptoms). The ALJ found that Plaintiff's activities of daily living were inconsistent with complaints of debilitating pain and noted that she received no pain medication. Tr. 22-23. Nevertheless, the ALJ acknowledged that Plaintiff's impairments significantly limited her ability to perform work-related activities and incorporated these limitations into her assessment of her RFC. Tr. 25. The ALJ properly considered her subjective complaints of pain.

Fourth, Plaintiff argues that the ALJ's analysis of her RFC was not supported by substantial evidence because the hypothetical questions posed to the vocational expert ("VE") did not reflect the specific limitations established in the record. A hypothetical question to a VE must accurately portray the claimant's physical and mental impairments, although it need reflect only those impairments that are supported by the record. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's hypothetical question to the VE set forth all of Plaintiff's limitations, and she properly relied on the VE's testimony regarding the existence of jobs that Plaintiff could perform in light of her RFC. Tr. 21-22, 25.

The Court finds that there is substantial evidence to support the ALJ's decision.